UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| JOHN EDWARD HEREFORD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 1:03-CR-145/1:08-CV-128 |
| v. | ) | |
| | ) | Chief Judge Curtis L. Collier |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

### MEMORANDUM

*Pro se* petitioner John Edward Hereford ("Petitioner") filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Court File No. 473) and a supporting memorandum (Court File No. 474).[1] The United States filed a response (Court File No. 479) to Petitioner's motion.

Having reviewed the materials thus submitted, together with the record of the underlying criminal case, the Court finds they conclusively show Petitioner is not entitled to relief on the claims asserted; thus, an evidentiary hearing is not needed in this matter. *See United States v. Todaro*, 982 F.2d 1025, 1028 (6th Cir. 1993). Accordingly, the Court will decide the matter and explain the reasons Petitioner's asserted grounds for relief are without merit. *See* Rule 8(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts. Petitioner's motion will be **DENIED**.

---

[1] All citations are to the criminal case number: 1:03-CR-145.

## I. BACKGROUND

Beginning in 1997, multiple law enforcement agencies conducted an extensive investigation of major cocaine traffickers operating in the Chattanooga, Tennessee area. As a result of the investigation, Lindsey Morris was identified as a major drug distributor in Chattanooga, Tennessee. A court-authorized wiretap of Morris's phone captured recorded conversations between Morris and others involved in his operation. Law enforcement agents were then able to execute a search warrant at Morris's residence where they seized twenty-nine individually wrapped plastic bags, each containing a quarter ounce of crack cocaine. In addition, Morris agreed to cooperate, and he disclosed to agents the names of some of the individuals involved in drug activity.

On June 24, 2003, a federal grand jury charged, in a one-count indictment, that in or about 1997 and continuing through August 2002, Petitioner and nine codefendants conspired to distribute fifty grams or more of crack cocaine and five kilograms or more of cocaine hydrochloride in violation of 21 U.S.C. §§ 864, 841(a)(1) and (b)(1)(A) (Court File No. 2). At Petitioner's trial, Morris testified that during the summer of 1997, Morris sold Petitioner a quarter ounce to one ounce of crack cocaine one to two times per week. Morris testified that, to his knowledge, Petitioner did not personally use drugs but rather sold them in conjunction with operating a house of prostitution from his residence. Customers would then purchase drugs from Petitioner in exchange for services. Pen register logs captured 236 telephone calls from telephones used by Petitioner and the telephone Morris used to conduct his drug business.

As a result of Morris's testimony and other evidence presented, Defendant was convicted of the drug conspiracy by a jury of his peers on April 9, 2004. The presentence investigation report ("PSR") determined Petitioner's base offense level was 34. A two level enhancement was applied

2

Case 1:03-cr-00145-TRM-SKL   Document 520   Filed 05/27/11   Page 2 of 10
PageID #: 622

pursuant to USSG § 2D1.1(b)(1) for possession of firearms, resulting in a total offense level of 36. In addition, Petitioner was attributed a criminal history category of III, resulting in a Guidelines range of 235 to 293 months.

Petitioner's counsel filed a sentencing memorandum which argued Petitioner's role was substantially less culpable than the other codefendants and the Guidelines range should have been reduced based on that fact (Court File No. 436). Counsel also requested a downward departure from the Guidelines range based upon Petitioner's "lack of significant criminal history, his health, his role as primary caretaker for his minor children and for his elderly mother, his honorable discharge from the U.S. Army, his voluntary re-entry into the military service for the first war in Iraq and his subsequent second honorable discharge, his compliance with the conditions of release while on bond, and his voluntary submission to drug treatment long before he was indicted" (*id.* at 2). Counsel also included a number of letters from friends and family (*id.* at 5). Nonetheless, this Court sentenced Petitioner within the Guidelines to 235 months (Court File No. 346).

Petitioner then appealed his sentence on the grounds (1) he was not involved in a drug distribution conspiracy because he only had a buyer-seller relationship with Morris; (2) the statute of limitations barred the claim charged in the indictment; and (3) his trial should have been severed from the trials of his co-conspirators (Court File No. 424). As a result, the Sixth Circuit affirmed Petitioner's conviction, but remanded the matter for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005). On May 11, 2006, this Court resentenced Petitioner under the now advisory Guidelines and sentenced Defendant to 220 months (Court File No. 445). The Court considered Petitioner's Guidelines range and the sentencing goals promulgated in 18 U.S.C. § 3553(a) in determining an appropriate sentence (Court File No. 452, Tr. at 37-42).

For the purpose of the resentencing hearing, Petitioner's counsel again filed a sentencing memorandum (Court File No. 436). According to counsel, the sentence of 235 months was greater than necessary to adequately achieve the purposes of § 3553(a). He presented similar arguments to the ones brought before the Court during the first sentencing hearing, including the fact Petitioner was a two-time veteran, and he asked the Court to consider Petitioner's age, health, and the needs of his family.

At the end of sentencing, after advising Petitioner of his right to appeal, the Court asked, "Does either side have any objections to the sentence the Court just announced that they have not previously raised?" (Court File No. 452, Tr. at 42). At that time, Petitioner's counsel asked the Court if it would recommend to the Bureau of Prisons that Petitioner receive drug treatment while incarcerated, and the Court agreed (*id.*).

On September 11, 2006, Petitioner next filed a *pro se* motion to take judicial notice of *United States v. Bostic*, 371 F.3d 865 (6th Cir. 2004), and Rules 32 and 53 of the Federal Rules of Criminal Procedure (Court File No. 450). The Court denied Petitioner's motion on the grounds he was not entitled to relief under the *Bostic* rule (Court File No. 468). Rather, the Court decided to construe Petitioner's motion as a motion to set aside his sentence under 28 U.S.C. § 2255 (*id.*). The Court directed the Clerk of the Court to send Petitioner forms for filing a § 2255 motion and directed Petitioner to advise the Court if he objected to the Court's intended instruction of the previous motion as a § 2255 motion. In response, Petitioner filed the § 2255 motion and memorandum in support. Petitioner now argues his due process rights were violated and he received ineffective assistance of counsel.

4

## II.  STANDARD OF REVIEW

Title 28 U.S.C. § 2255 provides "a prisoner in custody . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."  This Court must vacate and set aside the sentence if it finds "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."  28 U.S.C. § 2255.  Under Rule 8(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts, the Court is to review the answer, any transcripts, and records of prior proceedings and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted.

When a defendant files a § 2255 motion, he bears the burden of establishing any claim asserted in the petition; thus, he must set forth facts which entitle him to relief.  *Bowers v. Battles*, 568 F.2d 1, 6 (6th Cir. 1977); *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961).  "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing."  *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley*, 285 F.2d at 735 (citations omitted).  In addition, it is clear Petitioner has a "significantly higher hurdle than would exist on direct appeal."  *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998) (citing *United States v. Frady*, 456 U.S. 152, 166 (1982)).

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the

5

proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994); *see also United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F.2d 1039, 1041 (6th Cir. 1978). To warrant relief for a nonconstitutional error requires a showing of a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996).

### III. ANALYSIS

#### A. Procedural Rule under *Bostic*

Petitioner argues his federal sentence must be set aside, and this Court should "convene a new sentencing hearing," because he alleges the Court failed to allow the parties an opportunity to object to the sentence pronounced at the end of Petitioner's resentencing hearing (Court File No. 474). In *United States v. Bostic*, 371 F.3d 865, 872 (6th Cir. 2004), the Sixth Circuit announced a new procedural rule "requiring district courts, after pronouncing the defendant's sentence but before adjourning the sentencing hearing, to ask the parties whether they have any objections to the sentence just pronounced that have not previously been raised."

Here, Petitioner is not entitled to his requested relief under *Bostic* for two reasons. First, Petitioner's assertion that this Court failed to inquire whether the parties had an objection to the sentence it had imposed is incorrect. After pronouncing the sentence at Petitioner's first sentencing hearing, the Court specifically stated, "[p]ursuant to the majority opinion in [*United States v. Bostic*],

6

after pronouncing sentence but before adjourning the sentencing hearing, the Court is required to ask all parties whether they have any objections to the sentence just pronounced that have not been previously raised" (Court File No. 377, Tr. at 104:16-20). Both the prosecution and defense counsel responded "No, Your Honor" (*id.* at 104-105).

More importantly, after pronouncing the sentence at Petitioner's resentencing hearing the Court asked, "Does either side have any objection to the sentence the Court just announced they have not previously raised?" (Court File No. 452, Tr. at 42:5-6). In response, Petitioner's attorney declined to raise any additional objections but asked, "Will Your Honor recommend the 500-hour drug treatment again, as before?" (*id.* at 42:10-11).

Second, even if the Court had failed to abide by the procedural rule announced in *Bostic*, the appropriate remedy would not have been to set aside Petitioner's sentence. Rather, the Sixth Circuit explained, "[i]f the district court fails to provide the parties with [the opportunity to object], [the parties] will not have forfeited their objections and thus will not be required to demonstrate plain error on appeal." *Bostic*, 371 F.3d at 872; *see also United States v. Gapinski*, 561 F.3d 467, 474 (6th Cir. 2009) (explaining where the district court fails to ask this question, a defendant's "failure to raise any of his arguments as objections below does not trigger plain-error review"). In other words, Petitioner would have been able to raise his objections and such objections would be subject to a reasonableness review on appeal. *See United States v. Manning*, 317 F. App'x 517, 521 (6th Cir. 2009).

### B. Ineffective Assistance of Counsel

Petitioner also argues his Sixth Amendment right to counsel was violated when his counsel rendered ineffective assistance by failing to raise several mitigating factors during the sentencing

7

hearing (Court File No. 474). The Sixth Amendment to the United States Constitution provides, in pertinent part, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." A defendant has a Sixth Amendment right not just to counsel, but to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Supreme Court set forth a two-pronged test for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.

In considering the first prong of the test set forth in *Strickland*, the appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Id.* at 688. A defendant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986).

Here, Petitioner asserts defense counsel failed to raise the following facts:

1. Petitioner retired from the United States Army after 22 years of service[;]
2. Petitioner retired from [Tennessee Valley Authority] after 22 years of service[;]
3. Petitioner received counseling [from] the veteran center for drug use[;]
4. Petitioner's mother is 73 years old, lives by herself, and is in bad health; his

            brother is unable to take care of her because he is a disabled veteran[;]
5.     Petitioner's attorney failed to present a letter [from] Petitioner's TVA supervisor declaring that Petitioner was at work on the day the informant said Petitioner came to pick up drugs. This prejudiced Petitioner['s] trial resulting in a guilty verdict.
6.     Petitioner had custody of his three children: [t]hree year old Ashley Nicole Phinehard; [n]ineteen-year old Kimberly K. Hereford; and [e]ighteen-year-old John Hereford. He was sole provider for these children . . .

*Id.* at 2-3.

Petitioner concedes he failed to raise these issues on direct appeal (Court File No. 473 at 4). Therefore, Petitioner must show (1) "cause" why he failed to object to the procedural error at the trial court level and (2) "actual prejudice" resulting from the error. *Frady*, 456 U.S. at 167. Here, the Court will construe Petitioner's claim for ineffective assistance of counsel as the "cause" for the procedural default on these issues. Accordingly, Petitioner must show his counsel's performance was deficient and "fell below an objective standard of reasonableness." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

With regards to all but assertion number five, it is clear defense counsel raised these arguments for the purpose of Petitioner's first and second sentencing hearings. Specifically, defense counsel filed sentencing memoranda in both instances, urging this Court to consider (1) Petitioner's role as primary caretaker for his children and his mother (Court File No. 319 at 6; Court File No. 436 at 2); (2) Petitioner's service in the military and his honorable discharge (*id.*); and (3) Petitioner's voluntary participation in drug treatment programs (*id.*); and the fact Petitioner retired from Tennessee Valley Authority after a "long career" (Court File No. 436 at 3). Here, it is clear Petitioner cannot show his counsel's performance was deficient in relation to his representation of Petitioner for the purposes of sentencing.

Petitioner lastly asserts his counsel failed to present an alibi defense at trial. However, the

Court finds this claim lacks merit. Petitioner has not offered any proof that his trial counsel was aware of the evidence, and he has not supported such a defense by presenting accompanying affidavits to his motion. *See e.g., Pankey v. United States*, 908 F.2d 973 (Table), No. 89-6573, 1990 WL 98036, at *2 (6th Cir. July 16, 1990). Indeed, Petitioner has not overcome the presumption that his counsel's conduct fell within the "range of reasonable professional assistance." *Strickland*, 466 U.S. at 489.

## IV. CONCLUSION

For the reasons discussed above, Petitioner is not entitled to relief under § 2255. Accordingly, Petitioner's motion to vacate, set aside, or correct his sentence (Court File No. 473) will be **DENIED.** An appropriate Judgment Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**